**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

DAIMLER TRUCKS NORTH AMERICA
LLC, a Delaware limited liability company,
f/k/a FREIGHTLINER LLC, a Delaware
limited liability company,

               Plaintiff,

    v.

RAMIN YOUNESSI, an Illinois resident,

               Defendant.

Case No.   FILED: MAY 19, 2008
             08 cv 2893   JH
The Honorable JUDGE LEFKOW
             MAGISTRATE JUDGE DENLOW

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH THIRD-
PARTY SUBPOENAS OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

    Plaintiff Daimler Trucks North America LLC, f/k/a Freightliner LLC ("Daimler

Trucks"), by its attorneys, Foley & Lardner LLP, hereby respectfully submits this memorandum

in support of its Motion To Quash Subpoenas Served On John D. Rea, Alberto Gerena and Luigi

Castillo And, In The Alternative, For A Protective Order ("Motion").

**Introduction**

    This Motion relates to a lawsuit between the parties currently pending in the United

States District Court for the District of Oregon related to the egregious employment-related

misconduct of Defendant Ramin Younessi ("Younessi"). (Or. Dkt. #1) Younessi, however, has

caused three Rule 45 document and deposition subpoenas to be issued and served in this

jurisdiction – without proper or timely notice – on third-party private investigators hired by

Daimler Trucks to monitor the Younessis' activities shortly after Daimler Trucks filed suit in

Oregon. (Copies of Subpoenas and Affidavits of Special Process Servers are attached as Exhibit

A) It is manifest that Younessi's motivation for doing so is to impermissibly obtain access to

Daimler Trucks' protected attorney work product and circumvent the authority of the District Court of Oregon, where two motions that bear directly on the subject of these Rule 45 subpoenas have been fully briefed and are ripe for decision. For the reasons that follow, this Court should refuse to condone Younessi's tactics here and quash the Rule 45 subpoenas in their entirety or, in the alternative, postpone any resolution of the instant issues until the District Court of Oregon has ruled.

## Factual Background

Daimler Trucks filed suit against Younessi in the District Court of Oregon. (Or. Dkt. #1) The suit arises out of conduct by Younessi, a former high-level executive of Daimler Trucks, in breach of his duty of loyalty, his confidentiality contract, and the common law duty not to convert confidential and proprietary information. (Id.) Following one year of concealed communications with Daimler Trucks' competitor, International Truck and Engine Corporation, Younessi resigned from Daimler Trucks without warning or other communication. (Id.) Specifically, in the months, weeks and days prior to his resignation from Daimler Trucks, Younessi took certain of Daimler Trucks' confidential information from his office and from Daimler Trucks' computer servers. (Id.)

At the commencement of the suit, Daimler Trucks hired private investigators to conduct surveillance of the Younessis and their home from a public street on the day of service of the suit and for two days following service. Younessi claimed he and his wife felt harassed and served a request for production relating to the surveillance. Daimler Trucks objected to the request on the ground of relevancy, as well as the grounds of attorney-client privilege and the work-product doctrine.[1] Younessi then filed a motion to compel production of the surveillance records, a copy

---

[1] Throughout this lawsuit Daimler Trucks has taken the position that whether or not it hired investigators is privileged. Daimler Trucks' acknowledgment that it hired investigators is not,

of which is attached hereto as Exhibit B.  A copy of Daimler Trucks' opposition to Younessi's motion to compel is attached as Exhibit C.  The surveillance records are not relevant to any claim or defense raised in this action and are nevertheless protected from disclosure by the work product privilege, a position Daimler Trucks has always maintained in the Oregon litigation. The issues have been briefed and Younessi's motion to compel is pending for decision before the District Court of Oregon.

In his Answer to the Complaint, Younessi additionally filed a counterclaim for violation of privacy.  (Or. Dkt. #65)  Younessi's violation of privacy counterclaim alleges that the investigators' surveillance from inside a vehicle parked or traveling on a public road was an invasion of Younessi's privacy.  (Id.)  Based on well-settled Illinois law, Daimler Trucks filed a 12(b)(6) motion to dismiss that counterclaim for failing to allege an "intrusion into a private matter," a copy of which is attached as Exhibit D.  Daimler Trucks' motion to dismiss is pending for decision before the District Court of Oregon, the second relevant pending motion referenced above.

## Argument

### A.    Younessi Impermissibly Seeks To Discover Protected Work Product From Private Investigators Hired By Daimler Trucks For Litigation-Related Purposes

Daimler Trucks has standing to bring this Motion in the first instance because it is well-settled that a party, even in the context of a third-party subpoena, can move to quash a Rule 45 subpoena so long as it claims a "'personal right or privilege' regarding the documents sought." Minn. Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co. of Wausau, 183 F.R.D. 627, 629 (N.D. Ill. 1999) (citing Hunt Int'l Res. Corp. v. Binstein, 98 F.R.D. 689, 690 (N.D. Ill. 1983)).  In the

---

and should not be construed to be, a waiver of privilege as to any other matter involving the investigators or this litigation.

Motion and before the District Court of Oregon, Daimler Trucks is arguing, among other things, that the documents and materials in possession of the private investigators hired for litigation purposes are protected by the work product privilege. Even assuming Younessi's invasion of privacy claim survives Daimler Trucks' Rule 12(b)(6) motion to dismiss (it should not), Younessi will be unable to satisfy the burdensome requirement of Rule 26(b)(3) to justify discovery of sensitive work product material. For this reason, the Court should quash the relevant Rule 45 subpoenas at issue.

**B.    Service Of The Subpoenas Without Any Notice Violates Rule 45(b)(1)**

If a "subpoena commands the production of documents * * * before trial, then **before it is served** a notice **must** be served on each party." Fed. R. Civ. P. 45(b)(1) (emphasis added). "The purpose of requiring notice prior to service is to allow opposing parties to object **prior** to service and move to quash or for a protective order." 9A Wright & Miller, § 2454 (citations omitted) (emphasis added). Here, each of the three subpoenas Daimler Trucks is aware of clearly commands the persons subpoenaed to produce documents by May 21, 2008 at 9:00 a.m. Daimler Trucks received notice of the relevant subpoenas only at the end of the business day on Friday, May 16, 2008. (See Exhibit A) This was a full seven days *after* Rea and Gerena were served with the Rule 45 document subpoenas and six days *after* service on Castillo. In all instances, therefore, Younessi has failed to satisfy the notice requirements of Rule 45(b)(1), and this Court should quash the subpoenas at issue accordingly.

**C.    Two Currently Pending Motions Will Determine Whether The Discovery Sought In the Subpoenas Is Permissible**

Younessi is plainly attempting to unilaterally preempt the authority of the District Court of Oregon. The legal issues of privilege, the work product doctrine and the broader issue of the overall appropriate scope of discovery regarding surveillance in this litigation are currently

pending before the District Court of Oregon.  (<u>See</u> Exhibits B-C)  Also before the District Court

of Oregon is the issue of whether Younessi can plead the most basic element of a claim of

invasion of privacy that would entitle him to discovery of any non-privileged records or facts.

(<u>See</u> Exhibit D)  Younessi should not be allowed to further benefit from his non-compliant

subpoenas in this Court, or his attempt to circumvent the authority of the District Court of

Oregon to determine the very issue made the subject of the subpoenas.  For these reasons, the

Court should quash the deposition and document subpoenas at issue.

In the alternative, this Court should enter a protective order relieving compliance with the

subpoenas until the District of Oregon court has ruled on Younessi's pending motion to compel

these records, and the pending 12(b)(6) motion to dismiss his claim that might entitle him to non-

privileged records.

Dated: May 19, 2008                       Respectfully submitted,

DAIMLER TRUCKS NORTH AMERICA
LLC, f/k/a FREIGHTLINER LLC

　　/s/ Daniel M. Cordis　　　　　　　
One of its Attorneys

Martin J. Bishop (IL Bar No. 06269425)
Daniel M. Cordis (IL Bar No. 6285963)
FOLEY & LARDNER LLP
321 North Clark Street
Suite 2800
Chicago, Illinois  60610
312.832.4500 (t)
312.832.4700 (f)

Susan K. Eggum, OSB No. 824576
Paul A. C. Berg, OSB No. 062738
COSGRAVE VERGEER KESTER LLP
805 SW Broadway, 8th Floor
Portland, Oregon  97205
503.323.9000 (t)
503.323.9019 (f)
*Motions To Appear Pro Hac Vice Pending*

CERTIFICATE OF SERVICE

I, Daniel M. Cordis, hereby certify that on May 19, 2008 I caused to be served a true and correct copy of the foregoing **Plaintiff's Memorandum In Support Of Its Motion To Quash Third-Party Subpoenas Or, In The Alternative, For A Protective Order** by hand delivery on the following individuals:

Robin Hulshizer
Mark Mester
Alan Devlin
Cameron Krieger
Latham & Watkins LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Of Attorneys for Defendant Ramin Younessi

I, Daniel M. Cordis, hereby certify that on May 19, 2008 I caused to be served a true and correct copy of the foregoing **Plaintiff's Memorandum In Support Of Its Motion To Quash Third-Party Subpoenas Or, In The Alternative, For A Protective Order** by depositing the same in the U.S. mail chute at 321 North Clark Street, Chicago, Illinois 60610, postage prepaid, and addressed to the following individual:

Bruce C. Hamlin
Lane Powell PC
601 SW 2nd Ave., Suite 2100
Portland, OR 97204
Of Attorneys for Defendant Younessi

/s/ Daniel M. Cordis
Daniel M. Cordis

```
08 cv 2893
JUDGE LEFKOW
MAGISTRATE JUDGE DENLOW
```

# Exhibit A

{      ..  •

ᔕAO88  (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### Northern District of Illinois

Daimler Trucks North America LLC

V.

Ramin Younessi

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  Dist. Oregon CV-08-0031-HA

TO:  John D Rea Detective Agency
     1313 Drawbridge Ln
     Lemont, Illinois 60439

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Latham & Watkins LLP, 233 S. Wacker, Suite 5800  Chicago, Illinois 60606 | DATE AND TIME  5/28/2008 9:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached Exhibit A.

| PLACE  Latham & Watkins LLP, 233 S. Wacker, Suite 5800  Chicago, Illinois, 60606 | DATE AND TIME  5/21/2008 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)     Attorney for Defendant | DATE  5/8/2008 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Cameron R. Krieger, Latham & Watkins, 233 S. Wacker Drive, Suite 5800, Chicago, Illinois  (312) 876-7700 | |

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### CASE NO. **CV-08-0031-HA**
AFFIDAVIT OF SPECIAL PROCESS SERVER

**Lewis Ellis**, being first duly sworn on oath deposes and says that he served process in the above mentioned cause.
That he served the within:

( ) Summons & Complaint
( ) Citation to Discover Assets
( ) Rule to Show Cause
( **X** ) Subpoena
( **X** ) Other: **Witness & Mileage Fee: $68.00**

1.     ( ) By leaving a copy with the named party, ------- personally on -------.

2.     ( ) On the within named party, -------, by leaving a copy with -------, -------, who states that they are a member of the household on -------, and informed that person of the contents thereof, and that further he mailed a copy of same in a sealed envelope with postage prepaid addressed to the party on -------.

3.     ( **X** ) On the within party, **John D Rea Detective Agency** by leaving a copy with **John D. Rea**, **Authorized Person**, on **May 9, 2008**, and informed that person of the contents thereof.

4.     ( **X** ) That the sex, race and approximate age of the person with whom he left the documents were as follows:

SEX: **Male**         RACE: **Caucasian**         APPROXIMATE AGE:
**50's**

5.     ( **X** ) That the place where and the time of day when the documents were served were as follows:

PLACE: **1313 Drawbridge Ln., Lemont, IL 60439**
TIME OF DAY: **10:38 AM**

6.     ( ) That he was unable to serve the within named party ------- located at -------- for the reason: -------

Signed and Sworn to before me
This **12**th day of **May 2008**.

OFFICIAL SEAL
FELICIA CONROY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/19/11

Lewis Ellis
Special Process Server
IT'S YOUR SERVE, INC.
Private Detective No. 117-000885

## EXHIBIT A

## DOCUMENTS TO BE PRODUCED

A.      Any documents related to surveillance conducted of or other actions taken by you regarding Ramin Younessi, including but not limited to photographs, videotapes, notes, or reports.

B.      Any documents related to surveillance conducted or other actions taken by you regarding Karla Younessi, including but not limited to photographs, videotapes, notes, or reports.

C.      Any documents related to surveillance conducted or other actions taken at or around 1312 Royal Saint George Drive, Naperville, Illinois by you, including but not limited to photographs, videotapes, notes, or reports.

D.      Any and all reports regarding your surveillance or other activities regarding Ramin and/or Karla Younessi and/or the property located at 1312 Royal Saint George Drive, Naperville, Illinois.

E.      Any materials gathered by you regarding Ramin or Karla Younessi, including but not limited to credit reports, research, background checks, transcripts, photographs, or videotapes.

F.      Any materials gathered by you from Ramin or Karla Younessi or from the area in or around 1312 Royal Saint George Drive, Naperville, Illinois, including but not limited to material that was discarded by either Ramin or Karla Younessi, transcripts, photographs, or videotapes.

G.      Any and all communications between you and Plaintiff Daimler Trucks North America LLC, f/k/a Freightliner LLC ("Daimler") from December 2007 until the present.

H.      Any and all documents related to the hiring of you by Daimler.

CH\1006962.1

AO88  (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### Northern District of Illinois

Daimler Trucks North America LLC

V.

Ramin Younessi

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  Dist. Oregon CV-08-0031-HA

TO:  Alberto Gerena
     5759 W. 64th Place
     Chicago, Illinois 60638

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Latham & Watkins LLP, 233 S. Wacker, Suite 5800 Chicago, Illinois 60606 | DATE AND TIME 5/28/2008 1:00 pm |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached Exhibit A.

| PLACE  Latham & Watkins LLP, 233 S. Wacker, Suite 5800 Chicago, Illinois, 60606 | DATE AND TIME 5/21/2008 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Attorney For Defendant* | DATE 5/8/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Cameron R. Krieger, Latham & Watkins, 233 S. Wacker Drive, Suite 5800, Chicago, Illinois
(312) 876-7700

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
CASE NO. **CV-08-0031-HA**
AFFIDAVIT OF SPECIAL PROCESS SERVER

**Christopher Moore**, being first duly sworn on oath deposes and says that he served process in the above mentioned cause.
That he served the within:

        (   ) Summons & Complaint
        (   ) Citation to Discover Assets
        (   ) Rule to Show Cause
        ( **X** ) Subpoena
        ( **X** ) Other: **Witness & Mileage Fee: $53.00**

1.    ( **X** ) By leaving a copy with the named party, **Alberto Gerena** personally on **May 9, 2008**.

2.    (   ) On the within named party, -------, by leaving a copy with -------, -------, who states that they are a member of the household on -------, and informed that person of the contents thereof, and that further he mailed a copy of same in a sealed envelope with postage prepaid addressed to the party on -------.

3.    (   ) On the within party, ------- by leaving a copy with  -------, on -------, and informed that person of the contents thereof.

4.    ( **X** ) That the sex, race and approximate age of the person with whom he left the documents were as follows:

SEX: **Male**        RACE: **Hispanic**        APPROXIMATE AGE: **50**

5.    ( **X** ) That the place where and the time of day when the documents were served were as follows:

PLACE: **5759 W. 64th Place, Chicago, IL 60638**
TIME OF DAY: **7:00 AM**

6.    (   ) That he was unable to serve the within named party ------- located at -------- for the reason: -------

Signed and Sworn to before me
This **12**th day of **May 2008**.

Christopher Moore
Special Process Server
IT'S YOUR SERVE, INC.
Private Detective No. 117-000885

OFFICIAL SEAL
FELICIA CONROY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/19/11

## EXHIBIT A

## DOCUMENTS TO BE PRODUCED

A.　　Any documents related to surveillance conducted of or other actions taken by you regarding Ramin Younessi, including but not limited to photographs, videotapes, notes, or reports.

B.　　Any documents related to surveillance conducted or other actions taken by you regarding Karla Younessi, including but not limited to photographs, videotapes, notes, or reports.

C.　　Any documents related to surveillance conducted or other actions taken at or around 1312 Royal Saint George Drive, Naperville, Illinois by you, including but not limited to photographs, videotapes, notes, or reports.

D.　　Any and all reports regarding your surveillance or other activities regarding Ramin and/or Karla Younessi and/or the property located at 1312 Royal Saint George Drive, Naperville, Illinois.

E.　　Any materials gathered by you regarding Ramin or Karla Younessi, including but not limited to credit reports, research, background checks, transcripts, photographs, or videotapes.

F.　　Any materials gathered by you from Ramin or Karla Younessi or from the area in or around 1312 Royal Saint George Drive, Naperville, Illinois, including but not limited to material that was discarded by either Ramin or Karla Younessi, transcripts, photographs, or videotapes.

G.　　Any and all communications between you and Plaintiff Daimler Trucks North America LLC, f/k/a Freightliner LLC ("Daimler") from December 2007 until the present.

H.　　Any and all documents related to the hiring of you by Daimler.

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### Northern District of Illinois

Daimler Trucks North America LLC

V.

Ramin Younessi

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  Dist. Oregon CV-08-0031-HA

TO:  LUIGI CASTILLO
2026 Juniper Ct
Glendale Heights, Illinois

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Latham & Watkins LLP, 233 S. Wacker, Suite 5800  Chicago, Illinois 60606 | DATE AND TIME  5/29/2008 9:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached Exhibit A.

| PLACE   Latham & Watkins LLP, 233 S. Wacker, Suite 5800  Chicago, Illinois, 60606 | DATE AND TIME  5/21/2008 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Cameron, Attorney for Defendant* | DATE  5/8/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Cameron R. Krieger, Latham & Watkins, 233 S. Wacker Drive, Suite 5800, Chicago, Illinois
(312) 876-7700

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
CASE NO. **CV-08-0031-HA**
AFFIDAVIT OF SPECIAL PROCESS SERVER

**Lewis Ellis**, being first duly sworn on oath deposes and says that he served process in the above mentioned cause.
That he served the within:

        ( ) Summons & Complaint
        ( ) Citation to Discover Assets
        ( ) Rule to Show Cause
        ( **X** ) Subpoena
        ( **X** ) Other: **Witness & Mileage Fee: $70.00**

1.    ( **X** ) By leaving a copy with the named party, **Luigi Castillo** personally on **May 10, 2008**.

2.    ( ) On the within named party, -------, by leaving a copy with -------, -------, who states that they are a member of the household on -------, and informed that person of the contents thereof, and that further he mailed a copy of same in a sealed envelope with postage prepaid addressed to the party on -------.

3.    ( ) On the within party, ------- by leaving a copy with  -------, on -------, and informed that person of the contents thereof.

4.    ( **X** ) That the sex, race and approximate age of the person with whom he left the documents were as follows:

SEX: **Male**        RACE: **Caucasian**        APPROXIMATE AGE: **30**

5.    ( **X** ) That the place where and the time of day when the documents were served were as follows:

PLACE: **2026 Juniper Ct., Glendale Heights, IL**
TIME OF DAY: **12:48 PM**

6.    ( ) That he was unable to serve the within named party ------- located at -------- for the reason: -------

Signed and Sworn to before me
This **12**th day of **May 2008**.

OFFICIAL SEAL
FELICIA CONROY
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES 11/19/11

Lewis Ellis
Special Process Server
IT'S YOUR SERVE, INC.
Private Detective No. 117-000885

## EXHIBIT A

## DOCUMENTS TO BE PRODUCED

A.　　Any documents related to surveillance conducted of or other actions taken by you regarding Ramin Younessi, including but not limited to photographs, videotapes, notes, or reports.

B.　　Any documents related to surveillance conducted or other actions taken by you regarding Karla Younessi, including but not limited to photographs, videotapes, notes, or reports.

C.　　Any documents related to surveillance conducted or other actions taken at or around 1312 Royal Saint George Drive, Naperville, Illinois by you, including but not limited to photographs, videotapes, notes, or reports.

D.　　Any and all reports regarding your surveillance or other activities regarding Ramin and/or Karla Younessi and/or the property located at 1312 Royal Saint George Drive, Naperville, Illinois.

E.　　Any materials gathered by you regarding Ramin or Karla Younessi, including but not limited to credit reports, research, background checks, transcripts, photographs, or videotapes.

F.　　Any materials gathered by you from Ramin or Karla Younessi or from the area in or around 1312 Royal Saint George Drive, Naperville, Illinois, including but not limited to material that was discarded by either Ramin or Karla Younessi, transcripts, photographs, or videotapes.

G.　　Any and all communications between you and Plaintiff Daimler Trucks North America LLC, f/k/a Freightliner LLC ("Daimler") from December 2007 until the present.

H.　　Any and all documents related to the hiring of you by Daimler.

CH\1006962.1

# Exhibit B

**Bruce C. Hamlin**, OSB No. 79254
hamlinb@lanepowell.com
**LANE POWELL** PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Mark S. Mester, admitted *pro hac vice*
mark.mester@lw.com
Cameron R. Krieger, admitted *pro hac vice*
cameron.krieger@lw.com
Alan Devlin, admitted *pro hac vice*
alan.devlin@lw.com
**LATHAM & WATKINS LLP**
233 S. Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

Attorneys for Defendant Ramin Younessi

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **DAIMLER TRUCKS NORTH AMERICA LLC,** a Delaware limited liability company, | No. 08-CV-0031-HA |
| Plaintiff, | Defendant Ramin Younessi's **MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| v. | |
| **RAMIN YOUNESSI,** an Illinois resident, | |
| Defendant. | |

Defendant Ramin Younessi ("Younessi") hereby moves the Court to compel Plaintiff Daimler Trucks North America LLC ("Daimler") to produce documents requested by Younessi and to provide a required privilege log.

PAGE 1 -   MOTION TO COMPEL PRODUCTION OF DOCUMENTS

The document requests and responses at issue are set forth below in full, in compliance with Local Rule 7.1:

**DOCUMENT REQUEST 2:**

Any and all documents supporting or tending to support the Declarations of Patricia Bell, James Horsely, Dieter Haban, Richard Macken, Bobbi Felix, Hannes Moeller, and Elmar Boeckenhoff.

**RESPONSE:**

Request No. 2 is overbroad, vague and ambiguous. Document Request No. 2 does not set forth the documents to be produced, nor does it describe each document to be produced with reasonable particularity. Request No. 2 seeks documents protected by the attorney-client and work product privileges. Without waiving the foregoing objection, responsive, non-privileged documents will be produced.

**DOCUMENT REQUEST 3:**

Any and all documents referred to by Patricia Bell, James Horsely, Dieter Haban, Richard Macken, Bobbi Felix, Hannes Moeller, and Elmar Boeckenhoff in connection with the preparation of their declarations.

**RESPONSE:**

Request No. 3 is overbroad, vague, and ambiguous as to any document "referred to by" a declarant "in connection with the preparation of their declarations." Plaintiff further objects to Document Request No. 3 to the extent it seeks documents protected by the attorney-client and work product privileges. Plaintiff further objects to Defendant's request for expert discovery prior to such discovery being scheduled by the Court. Without waiving the foregoing objections, responsive, non-privileged documents will be produced.

**DOCUMENT REQUEST 4:**

Any and all documents, communications or reports pertaining to the investigation taken by Daimler of Younessi's alleged collecting, copying, printing and taking of Daimler's

PAGE 2 -   MOTION TO COMPEL PRODUCTION OF DOCUMENTS

confidential data, information, files notes, and documents. These are to include any and all documents or reports relating to and/or supporting the conclusions reached by said investigation.

**RESPONSE**:

Request No. 4 is overbroad, vague and ambiguous. Request No. 4 does not set forth the documents to be produced, nor does it describe each document to be produced with reasonable particularity. Request No. 4 seeks documents protected by the attorney-client and work product privileges. Request No. 4 further seeks expert discovery which has not yet been scheduled by the Court. Without waiving the foregoing objections, responsive, non-privileged documents will be produced.

**DOCUMENT REQUEST 5:**

Any and all documents and communications relating to the hiring by Daimler, its counsel or other agent, of private investigators to watch and follow Younessi, his wife or others related thereto.

**RESPONSE**:

Request No. 5 calls for documents, which may be subject to the attorney-client and work product privileges, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST 6:**

Any and all documents related to the investigation and conclusions of the private investigators hired by Daimler, its counsel or other agent to investigate, watch and follow Younessi, his wife or others related thereto.

PAGE 3 -   MOTION TO COMPEL PRODUCTION OF DOCUMENTS

**RESPONSE:**

Request No. 6 seeks documents which, if they exist, are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Request No. 6 calls for documents that are subject to the attorney-client and work product privileges.

**DOCUMENT REQUEST 10:**

Any documents showing or tending to show all individuals who had access to Younessi's office between January 1, 2007 and September 1, 2007.

**RESPONSE:**

Document Request No. 10 is impermissibly phrased as an interrogatory.

**DOCUMENT REQUEST 13:**

Any and all documents that relate to the alleged status as trade secrets of the documents and information Daimler claims were misappropriated by Younessi.

**RESPONSE:**

Request No. 13 does not set forth the documents to be produced, nor does it describe each document to be produced with reasonable particularity. Request No. 1 [*sic*] seeks documents protected by the attorney-client and work product privileges. Request No. 13 is impermissably phrased as an interrogatory.

In support of this Motion, Younessi provides the accompanying Memorandum in Suppport of His Motion to Compel Production of Documents. For the reasons contained in that

PAGE 4 -   MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Memorandum, Younessi respectfully requests that the Court grant his Motion to Compel

Production of Documents.  Younessi seeks whatever other relief the Court deems appropriate.

DATED:  February 26, 2008

LANE POWELL PC


By____/s/  Bruce C. Hamlin_____
Bruce C. Hamlin, OSB No. 79254
Telephone:  503.778.2158
Attorneys for Defendant Ramin Younessi

Mark S. Mester, admitted *pro hac vice*
mark.mester@lw.com
Cameron R. Krieger, admitted *pro hac vice*
cameron.krieger@lw.com
Alan Devlin, admitted *pro hac vice*
alan.devlin@lw.com
**LATHAM & WATKINS LLP**
233 S. Wacker Drive, Suite 5800
Chicago, Illinois  60606

PAGE 5 -   MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Susan K. Eggum, OSB No. 824576
Internet e-mail: eggum@cvk-law.com
Paul A. C. Berg, OSB No. 062738
Internet e-mail:pberg@cvk-law.com
COSGRAVE VERGEER KESTER LLP
805 SW Broadway, 8th Floor
Portland, Oregon 97205
Telephone:    (503) 323-9000
Facsimile:    (503) 323-9019
Of Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAIMLER TRUCKS NORTH AMERICA LLC, a Delaware limited liability company, fka FREIGHTLINER LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br>   v.<br><br>RAMIN YOUNESSI, an Illinois resident,<br><br>        Defendant. | Case No.: CV-08-0031-HA<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANT RAMIN YOUNESSI'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

### L.R. 7.1 (a) FAILURE TO CONFER

Local Rule 7.1 (a)(1)(A) requires a party to make a "good faith effort" through "personal or telephone conferences" to resolve the dispute. Not one phone call was placed to Daimler Trucks' counsel to confer on the instant motion. Declaration of Susan K. Eggum in Opposition to Defendant Ramin Younessi's Motion to Compel Production of Documents ("Eggum Decl."), ¶ 2. Two letters, though, were sent by Latham & Watkins. *Id.* Latham & Watkins' first letter of February 15, 2008, was responded to by letter dated February 18, 2008, plus an additional 14,710 pages of supplemental

Page 1 – MEMORANDUM IN OPPOSITION TO DEFENDANT RAMIN YOUNESSI'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

EXHIBIT  *A*
PAGE  *1*  OF  *12*                537959

production from Daimler Trucks was provided that day.  *Id.* ¶ 2.  Latham & Watkins

nevertheless proceeded to demand further records by a letter dated February 21, sent

via email and by U.S. mail, while Daimler Trucks' counsel was sitting in one of Latham &

Watkins' conference rooms, taking a deposition of an International employee. *Id.* ¶ 3.

The email was not copied to Ms. Eggum's paralegal and legal assistant as had been

Latham & Watkins' common routine on prior emails.  *Id.*

As a professional courtesy, any one of the four lawyers of record at Latham &

Watkins could have sought to confer in person with Ms. Eggum during her depositions --

at Latham's offices -- of two International employees on February 21 and 22, 2008, or

upon her return to Portland, while preparing to travel a second time to Chicago to take

Mr. Younessi's deposition on February 27, 2008. Eggum Decl., ¶ 4.  That never

happened.  *Id.*  Instead, the instant motion was filed on February 26, 2008, the day

Ms. Eggum obviously had to travel to Chicago to take Mr. Younessi's deposition on

February 27, 2008.  *Id.*

Latham & Watkins' team of attorneys cannot claim they did not know about this

Court's L.R. 7.1, or that they are unfamiliar with a requirement of conferring in person or

by telephone.  Eggum Decl., ¶ 5.  The local rules of the Northern District of Illinois

likewise require in person or telephone conferrals in good faith, and require still further a

statement verifying "the date, time and place of such conference."  Northern District of

Illinois, L.R. 37.2.  *Id.*

To date, Latham & Watkins has not complied with this Court's order of January

16, 2008 (Doc. No. 31), or the February 15, 2008 order compelling compliance (Doc.

Page 2 – MEMORANDUM IN OPPOSITION TO DEFENDANT RAMIN YOUNESSI'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8ᵗʰ Floor
Portland, OR 97205
(503) 323-8000

EXHIBIT  *A*
PAGE  *2*  OF *12*          537959

No. 49).  Nor has it complied with this Court's Local Rule 7.1, which contains the same

in person or by phone conferral rule as Illinois.  Eggum Decl., ¶ 5.

    The first telephone contact Daimler Trucks had with Latham & Watkins was on

March 11, 2008, when a telephone conference was sought to discuss International's

failure to designate a bona fide Custodian of Records for deposition; its failure to

designate a person or persons most knowledgeable concerning not some, but all of the

matters specified in the January 7, 2008, Rule 30(b)(6) subpoena for a corporate

designee(s); and its and Mr. Younessi's failure to produce all the records ordered to be

produced, twice now by this Court.[1]  Eggum Decl., ¶ 6.

    During the March 11, 2008, telephone conferral, Latham & Watkins for the first

time engaged Daimler Trucks' counsel in discussion about further production by

Daimler.  Eggum Decl., ¶ 6.  That discussion is on-going and is capable of being

resolved cooperatively.  *Id.*

    Pursuant to the express authority granted in L.R. 7.1 (a)(2), the Court should

deny the instant motion as to defendant's Request for Production Nos. 2, 3, 4 and 10.

    However, the instant motion's request to compel records in response to Request

for Production Nos. 5, 6 and 13 raise questions of law that cannot be resolved without a

ruling of the Court, as briefly addressed below.

///

///

///

---

[1]  Daimler Trucks could have filed today a motion for order to show cause on these matters, but instead continues to seek from Latham & Watkins practical and equitable solutions to International's and Mr. Younessi's still significant failures to comply with its orders (Documents Nos. 31 and 49).  *Id.*, ¶ 7.

Page 3 – MEMORANDUM IN OPPOSITION TO DEFENDANT RAMIN YOUNESSI'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8ᵗʰ Floor
Portland, OR 97205
(503) 323-9000

EXHIBIT  A

PAGE  3  OF  12

537959

**REQUEST NOS. 5 AND 6 RE COMMUNICATIONS WITH INVESTIGATOR**

The Court will recall that Latham & Watkins filed on January 14, 2008, an

"emergency" motion for protective order to bar surveillance of defendant's home

(Document No. 20), and supported the motion solely with a declaration of

Mr. Younessi's wife, Karla Younessi.  She stated that a private detective informed the

local police that he would be in the area for surveillance, and that she feared for her

personal safety.   Document No. 20, with attached declaration, ¶¶ 3, 4.  Latham &

Watkins' supporting memorandum of January 14, 2008, represented to the Court that

". . . the **only purpose** [of the surveillance] **can be to intimidate Mrs. Younessi.**"

Document No. 20, Memorandum in Support of Emergency Motion for Protective Order,

p. 4 (emphasis added).  The Court granted the protective order sought.  In the instant

motion, Latham & Watkins contends for the opposite: evidence of the surveillance is

"**directly relevant to Younessi's defenses.**"  Memorandum In Support, p. 6, first

paragraph (emphasis added).   Of course, any evidence about the "intimidation" of

Mrs. Younessi by a detective in a car with a camera would not be relevant to *any* claim

or defense pled in this action.

Since the filing of the instant motion, on March 10, 2008, Mr. Younessi, not his

wife, filed a counterclaim.  Now *he* claims that his privacy was invaded when a car

followed his wife to a doctor's appointment, and then returned again to watch their home

from the street.  Setting aside Mr. Younessi's inability under the facts alleged to plead a

claim for invasion of his privacy as a matter of law, any communications between a

party and an investigator are privileged.  OEC 503(2)("A client has a privilege to refuse

to disclose and to prevent any other person from disclosing confidential communications

Page 4 – MEMORANDUM IN OPPOSITION TO DEFENDANT RAMIN YOUNESSI'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000



EXHIBIT _A_

PAGE _4_ OF _12_    537959

made for the purpose of facilitating the rendition of professional legal services to the client"); OEC 503(1)(b)(a confidential communication is one that is "not intended to be disclosed to third persons"); *Klamath County School District v. Teamey*, 207 Or App 250, 140 P3d 1152 (2006)(reports generated by a private investigator are privileged).

For the foregoing reasons, Mr. Younessi has no right to any communications between a party and an investigator, unless that party elects to waive the privilege by offering the results of any findings into evidence. Defendant's motion to compel records responsive to requests nos. 5 and 6 should be denied.

### REQUEST NO. 13 SEEKING SEGREGATION OF "TRADE SECRETS"

Younessi's Document Request No. 13, seeks documents that relate to the **"alleged status as trade secrets"** of the documents Daimler Trucks claims were "misappropriated by Younessi." First, Daimler Trucks has not brought an action for misappropriation of trade secrets. The request, therefore, is not relevant to any claim for relief and could not reasonably lead to the discovery of evidence relevant to any claim pled. Second, even had Daimler Trucks brought such a claim, and it has not, the request frames an interrogatory requiring plaintiff to disclose its own legal conclusions and, therefore, attorney work product, as to whether each particular document produced out of more than 17,000 pages to date relate[s]" to a "trade secret" that was "misappropriated." Further, these are legal conclusions that attorneys for Daimler Trucks need not draw given the claims raised in the action. The motion to compel documents designating what records disclose "trade secrets" pursuant to Request No. 13 should be denied.

///

Page 5 – MEMORANDUM IN OPPOSITION TO DEFENDANT RAMIN YOUNESSI'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

EXHIBIT  A
PAGE  5  OF  12

537959

**CONCLUSION**

For all of the reasons stated above, this Court should deny Younessi's Motion to Compel Production of Documents Nos. 2, 3, 4 and 10  pursuant to the express authority granted in L.R. 7.1(a)(2), and deny on its merits the records sought in Nos. 5, 6 and 13.

DATED: March 14, 2008.

COSGRAVE VERGEER KESTER LLP

/s/  Susan K. Eggum

Susan K. Eggum, OSB No. 824576
Paul A. C. Berg, OSB No. 062738
Telephone: 503-323-9000
Fax: 503-323-9019
E-mail: eggum@cvk-law.com
            pberg@cvk-law.com
Of Attorneys for Plaintiff
Trial Attorney: Susan K. Eggum, OSB No 824576

Page 6 – MEMORANDUM IN OPPOSITION TO DEFENDANT RAMIN YOUNESSI'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

EXHIBIT  *A*
PAGE  6  OF  12
537959

CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing

MEMORANDUM IN OPPOSITION TO DEFENDANT RAMIN YOUNESSI'S MOTION

TO COMPEL PRODUCTION OF DOCUMENTS on the date indicated below by

☐   mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐   hand delivery,

☐   facsimile transmission,

☐   overnight delivery,

☒   electronic filing notification through the Court CM/ECF system

To:

Mark Mester
Robin Hulshizer
Cameron Krieger
Alan Devlin
Latham & Watkins LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Of Attorneys for Defendant Ramin Younessi

Bruce C. Hamlin
Lane Powell, PC
601 SW Second, Suite 2100
Portland, OR  97204-3158
Of Attorneys for Defendant Ramin Younessi

DATED: March 14, 2008

/s/ Susan K. Eggum

_____
Susan K. Eggum

Page 1 CERTIFICATE OF SERVICE

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

EXHIBIT   A
PAGE  7  OF  12
537959

Susan K. Eggum, OSB No. 824576
Internet e-mail: eggum@cvk-law.com
Paul A. C. Berg, OSB No. 062738
Internet e-mail: pberg@cvk-law.com
COSGRAVE VERGEER KESTER LLP
805 SW Broadway, 8th Floor
Portland, Oregon 97205
Telephone:    (503) 323-9000
Facsimile:    (503) 323-9019
Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAIMLER TRUCKS NORTH AMERICA LLC, a Delaware limited liability company, fka Freightliner LLC, a Delaware limited liability company, | Case No.: CV-08-0031-HA |
| Plaintiff, v. | **DECLARATION OF SUSAN K. EGGUM IN SUPPORT OF MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION** |
| RAMIN YOUNESSI, an Illinois resident, Defendant. | |

I, Susan K. Eggum, under penalty of perjury, declare pursuant to 28 U.S.C. §

1746, as follows:

1.      I am one of the attorneys for plaintiff Daimler Trucks North America LLC,

fka Freightliner LLC ("Daimler Trucks").

2.      Not one phone call was placed to confer on Mr. Younessi's February 26,

2008 motion to compel production.   Two letters were sent by Latham & Watkins.  The

first was dated February 15, 2008, which I responded to by letter dated February 18,

Page 1 – DECLARATION OF SUSAN K. EGGUM IN SUPPORT OF MEMORANDUM IN
OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

EXHIBIT ___A___
PAGE _8_ OF _12_        538135

2008, in part, by producing that day an additional 14,710 pages of supplemental production from Daimler Trucks.

3.    Latham & Watkins nevertheless proceeded to demand further records by a letter dated February 21, 2008, addressed to me, and sent via email and by U.S. mail, while I was sitting in one of Latham & Watkins' conference rooms in Chicago, taking a deposition of an International employee.  Nor was the February 21, 2008 email copied to my paralegal and legal assistant, as had been Latham & Watkins' common routine on prior emails.

4.    As a professional courtesy, any one of the four lawyers of record at Latham & Watkins could have sought to confer in person with me during the time I was taking depositions of two International employees on February 21 and 22, 2008 at Latham & Watkins' offices, or upon my return to Portland, while I was preparing to travel a second time to Chicago to take Mr. Younessi's deposition on February 27, 2008.  That never happened.   Instead, the instant motion was filed on February 26, 2008, the day I obviously had to travel to Chicago to take Mr. Younessi's deposition on February 27, 2008.

5.    The Latham & Watkins team of attorneys cannot claim that they did not know about this Court's L.R. 7.1, or that they are unfamiliar with a requirement of conferring in person or by telephone.  Local Rule 37.2 of the Northern District of Illinois likewise requires in person or telephone conferrals in good faith, and requires still further a statement verifying "the date, time and place of such conference."  To date, Latham & Watkins has not complied with this Court's order of January 16, 2008 (Doc. No. 31), or the February 15, 2008 order compelling compliance (Doc. No. 49).  Nor has

Page 2 – DECLARATION OF SUSAN K. EGGUM IN SUPPORT OF MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

EXHIBIT _A_
PAGE _9_ OF _12_          538135

there been compliance with this Court's Local Rule 7.1, which contains the same by

phone or in person conferral rule as Illinois.

6.    The first telephone contact I had with Latham & Watkins on the documents

sought in the instant motion to compel was on March 11, 2008.  That is when I sought a

telephone conference to discuss International's failure to designate a bona fide

Custodian of Records for deposition; its failure to designate a person or persons most

knowledgeable concerning not some, but all of the matters specified in the January 7,

2008, Rule 30(b)(6) subpoena for a corporate designee(s); and its and Mr. Younessi's

failure to produce all the records ordered to be produced, twice now by this Court.

During the March 11, 2008, telephone conferral, Latham & Watkins for the first time

engaged me in discussion about further production by Daimler Trucks.  That discussion

is on-going and is capable of being resolved cooperatively.

7.    I could have filed today a motion for order to show cause on

Mr. Younessi's and International's continuing failures to comply with the Court's orders

(Document Nos. 31 and 49).  I am instead, with the assistance of Paul Berg, continuing

to seek from Latham & Watkins practical and equitable solutions to International's and

///

///

///

///

///

///

///

Page 3 – DECLARATION OF SUSAN K. EGGUM IN SUPPORT OF MEMORANDUM IN
OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION

EXHIBIT __A__

PAGE _10_ OF _12_          538135

Mr. Younessi's continuing failures to comply with its orders (Documents Nos. 31 and 49).

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

EXECUTED:  March 14, 2008.

/s/  *Susan K. Eggum*

Susan K. Eggum, OSB No. 824576

COSGRAVE VERGEER KESTER LLP
Attorneys
885 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

EXHIBIT  *A*
PAGE  *11*  OF  *12*                    538135

CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing

**DECLARATION OF SUSAN K. EGGUM IN SUPPORT OF MEMORANDUM IN**

**OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION** on the date

indicated below by:

☐   mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐   hand delivery,

☐   facsimile transmission,

☐   overnight delivery,

☒   electronic filing notification through the Court CM/ECF system

To:

Mark Mester
Robin Hulshizer
Cameron Krieger
Alan Devlin
Latham & Watkins LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Of Attorneys for Defendant Ramin Younessi

Bruce C. Hamlin
Lane Powell, PC
601 SW Second, Suite 2100
Portland, OR  97204-3158
Of Attorneys for Defendant Ramin Younessi

DATED: March 14, 2008.

/s/  Susan K. Eggum

Susan K. Eggum
Of Attorneys for Plaintiff

Page 1 CERTIFICATE OF SERVICE

EXHIBIT  _A_
PAGE _12_ OF _12_    538135

# Exhibit C

# Exhibit D

Susan K. Eggum, OSB No. 824576
Internet e-mail: eggum@cvk-law.com
Paul A. C. Berg, OSB No. 062738
Internet e-mail:pberg@cvk-law.com
COSGRAVE VERGEER KESTER LLP
805 SW Broadway, 8th Floor
Portland, Oregon 97205
Telephone:   (503) 323-9000
Facsimile:    (503) 323-9019
Of Attorneys for Plaintiff


# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAIMLER TRUCKS NORTH AMERICA LLC, a Delaware limited liability company, fka FREIGHTLINER LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br>    v.<br><br>RAMIN YOUNESSI, an Illinois resident,<br><br>        Defendant. | Case No.: CV-08-0031-HA<br><br>**PLAINTIFF'S 12(b)(6) MOTION TO DISMISS COUNT V OF YOUNESSI'S AMENDED COUNTERCLAIM**<br><br>(ORAL ARGUMENT REQUESTED) |

### LR 7.1(a)(1)(A) CERTIFICATION

By signature below, I certify that counsel for Daimler Trucks North America LLC,

fka Freightliner LLC ("Daimler Trucks"), and counsel for Ramin Younessi ("Younessi")

have conferred by telephone regarding the matters that are the subject of this Motion,

but have been unable to reach an agreement.

///

Page 1 – PLAINTIFF'S 12(b)(6)MOTION TO DISMISS COUNT V OF YOUNESSI'S AMENDED
        COUNTERCLAIM

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8ᵗʰ Floor
Portland, OR 97205
(503) 323-9000

EXHIBIT _B_
PAGE _1_ OF _12_     541328

## MOTION

Pursuant to Fed. R. Civ. P. 12(b)(6), Daimler Trucks moves this Court to dismiss Count V of Younessi's Amended Counterclaim, "Violation of Privacy" (paragraphs 54-57, and the supporting allegations of paragraphs 18 and 28-32) for failure to state a claim upon which relief can be granted.  In support of this motion, Daimler Trucks submits the attached memorandum.

DATED: April 10, 2008.

COSGRAVE VERGEER KESTER LLP

/s/ Susan K. Eggum

Susan K. Eggum, OSB No. 824576
Paul A. C. Berg, OSB No. 062738
Telephone: 503-323-9000
Fax: 503-323-9019
E-mail: eggum@cvk-law.com
        pberg@cvk-law.com
Of Attorneys for Plaintiff
Trial Attorney: Susan K. Eggum, OSB No. 824576

Page 2 – PLAINTIFF'S 12(b)(6)MOTION TO DISMISS COUNT V OF YOUNESSI'S AMENDED
        COUNTERCLAIM

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8ᵗʰ Floor
Portland, OR 97205
(503) 323-9000

EXHIBIT _B_
PAGE _2_ OF _12_    541328

CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing

PLAINTIFF'S 12(b)(6)MOTION TO DISMISS COUNT V OF YOUNESSI'S AMENDED

COUNTERCLAIM on the date indicated below by

☐    mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐    hand delivery,

☐    facsimile transmission,

☐    overnight delivery,

☒    electronic filing notification;

I further certify that said copy was placed in a sealed envelope delivered as

indicated above and addressed to said attorney(s) at

the address(es) listed below:

Bruce C. Hamlin
Lane Powell PC
601 SW 2nd Ave., Suite 2100
Portland, OR 97204
Of Attorneys for Defendant Younessi

Robin Hulshizer
Mark S. Mester
Alan Devlin
Cameron Krieger
Latham & Watkins LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Of Attorneys for Defendant Ramin Younessi

DATED: April 10, 2008.

/s/ Susan K. Eggum
Susan K. Eggum

Page 1 CERTIFICATE OF SERVICE

EXHIBIT B
PAGE 3 OF 12    541328

Susan K. Eggum, OSB No. 824576
Internet e-mail: eggum@cvk-law.com
Paul A. C. Berg, OSB No. 062738
Internet e-mail:pberg@cvk-law.com
COSGRAVE VERGEER KESTER LLP
805 SW Broadway, 8th Floor
Portland, Oregon 97205
Telephone:   (503) 323-9000
Facsimile:    (503) 323-9019
Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAIMLER TRUCKS NORTH AMERICA LLC, a Delaware limited liability company, fka FREIGHTLINER LLC, a Delaware limited liability company, | Case No.: CV-08-0031-HA |
| Plaintiff,<br>v. | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S 12(b)(6) MOTION TO DISMISS COUNT V OF YOUNESSI'S AMENDED COUNTERCLAIM** |
| RAMIN YOUNESSI, an Illinois resident, | (ORAL ARGUMENT REQUESTED) |
| Defendant. | |

**PRELIMINARY STATEMENT**

On January 7, 2008, plaintiff Daimler Trucks North America LLC, fka Freightliner

LLC ("Daimler Trucks") filed a Complaint against defendant Ramin Younessi

("Younessi") stating three claims for relief (breach of the fiduciary duties of loyalty and

obedience, conversion, and breach of contract).  On April 1, 2008, Younessi brought an

Amended Counterclaim with six separate counterclaims, labeled "Counts".

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

EXHIBIT _B_

PAGE _4_ OF _12_                541351

Count V for "Violation of Privacy" (paragraphs 54-57 and the supporting allegations of paragraphs 18 and 28-32) alleges that investigators hired by Daimler Trucks surveilled Younessi's home from the street and one investigator followed his wife to an appointment.[1]  As explained below, Younessi fails to state a claim for relief under Count V because, as a matter of law, he has not pled facts demonstrating any intrusion into a private matter.

## MEMORANDUM

### Count V Fails To State A Claim Upon Which Relief May Be Granted Because Younessi Has Not Pled Facts Demonstrating Surveillance Of Any Private Place Or Activity

In Illinois, where the alleged tort occurred, the Courts have recognized the tort of "intrusion upon the seclusion of another."  *Schiller v. Mitchell*, 357 Ill App 3d 435, 439, 828 NE 2d 323 (2005).  That tort "'consists solely of an intentional interference with [a person's] interest in solitude or seclusion, either as to his person or as to his private affairs or concerns, of a kind that would be highly offensive to a reasonable man.'"  *Id.*, quoting Restatement (Second) of Torts § 652B, Comment *a*, at 378 (brackets in original).  Therefore, according to *Schiller*, to state a claim for relief, a party must plead "(1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) the intrusion must be offensive or objectionable to a reasonable person; (3) **the matter upon which the intrusion occurs must be private**; and (4) the intrusion causes anguish and

---

[1] For purposes of this Motion only, Daimler Trucks accepts the allegations of the Complaint as true. However, that acceptance is not, and should not be construed to be, an admission as to the accuracy of any allegation, nor is it a waiver of Daimler Trucks' position that whether it hired a private investigator is privileged.

Page 2 – MEMORANDUM IN SUPPORT OF PLAINTIFF'S 12(b)(6) MOTION TO DISMISS COUNT V OF YOUNESSI'S AMENDED COUNTERCLAIM

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000



EXHIBIT _B_
PAGE _5_ OF _12_

541351

suffering." *Id.* at 440, citing *Melvin v. Burling*, 141 Ill App 3d 786, 789, 490 NE 2d 1011

(1986) (emphasis added).

The privacy element is satisfied where, for example, holes are poked in the

ceiling of a women's restroom to allow viewing of female employees disrobing and using

the restroom facilities. *See Benitez v. KFC National Management Co.*, 305 Ill App 3d

1027, 1033, 714 NE 2d 1002 (1999). Likewise, the privacy element is satisfied when

hospital patients are secretly video taped while undergoing medical treatment and

examinations. *Acuff v. IBP, Inc.*, 77 F Supp 2d at 914, 918, 924 (CD Ill 1999) ("there

are few things in life that are more private than medical treatments and/or

examinations").

However, where a party merely alleges surveillance of non-private places and

activities, such as those that can plainly be seen from the street, that party has failed to

state a claim upon which relief can be granted. *Schiller v. Mitchell, supra*, at 441. In

*Schiller*, the defendants, who lived next door to the plaintiffs, **affixed camera**

**equipment to the facade of their home** and conducted 24 hour a day video

surveillance of the plaintiff's home, garage, and property. *Id.* at 437. In addition to the

constant video surveillance, the plaintiffs were also subjected "to an all-hours personal

surveillance by defendants, as defendants [stood] on their property line and stare[d] at

plaintiffs." *Id.* at 438. The court held that under those facts, plaintiffs Complaint did **not**

satisfy the privacy element, stating:

> "In contrast to *Benitez* and *Acuff*, plaintiffs in the instant case have not
> pleaded that defendants' surveillance camera captured any private
> activity. The locations involved in *Benitez* and *Acuff*, a restroom and a
> medical examination room, were private by their nature. * * * The
> complaint does not explain why a passerby on the street or a roofer or a

Page 3 – MEMORANDUM IN SUPPORT OF PLAINTIFF'S 12(b)(6) MOTION TO DISMISS COUNT V OF
        YOUNESSI'S AMENDED COUNTERCLAIM

EXHIBIT  *B*

PAGE  *6*  OF  *12*

541351

tree trimmer could not see what the camera saw, only from a different angle." *Id.* at 441.

Here, far less is alleged. Younessi alleges that for a few days in January of 2007, investigators sat in vehicles on the street outside Younessi's home; operated laptop computers inside their vehicles; took surveillance footage from the street of the Younessis and their home; and on one occasion, followed Younessi's wife to a building where she had an appointment.

Count V fails far more than the claim that failed in *Schiller*. Younessi cannot explain why *anyone* on the street could not see what the investigators saw. Like the plaintiffs in *Schiller*, and unlike the plaintiffs in *Benitez* and *Acuff*, Younessi has not and cannot allege the elements of a claim for any intrusion into a private matter.

## CONCLUSION

For all of the reasons stated above, this Court should dismiss Count V of Younessi's Amended Counterclaim with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

DATED: April 10, 2008.

COSGRAVE VERGEER KESTER LLP

/s/ Susan K. Eggum

Susan K. Eggum, OSB No. 824576
Paul A. C. Berg, OSB No. 062738
Telephone: 503-323-9000
Fax: 503-323-9019
E-mail: eggum@cvk-law.com
     pberg@cvk-law.com
Of Attorneys for Plaintiff
Trial Attorney: Susan K. Eggum, OSB No. 824576

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

EXHIBIT _B_

PAGE _7_ OF _12_

S41351

CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing

PLAINTIFF'S 12(b)(6) MOTION TO DISMISS COUNT V OF YOUNESSI'S AMENDED

COUNTERCLAIM on the date indicated below by

☐ mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐ hand delivery,

☐ facsimile transmission,

☐ overnight delivery,

☒ electronic filing notification;

I further certify that said copy was placed in a sealed envelope delivered as

indicated above and addressed to said attorney(s) at the address(es) listed below:

Bruce C. Hamlin
Lane Powell PC
601 SW 2nd Ave., Suite 2100
Portland, OR 97204
Of Attorneys for Defendant Younessi

Robin Hulshizer
Mark S. Mester
Alan Devlin
Cameron Krieger
Latham & Watkins LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Of Attorneys for Defendant Ramin Younessi

DATED: April 10, 2008.

/s/ Susan K. Eggum
Susan K. Eggum

Page 1 CERTIFICATE OF SERVICE

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

EXHIBIT B
PAGE B OF 12    541351

Susan K. Eggum, OSB No. 824576
Internet e-mail: eggum@cvk-law.com
Paul A. C. Berg, OSB No. 062738
Internet e-mail:pberg@cvk-law.com
COSGRAVE VERGEER KESTER LLP
805 SW Broadway, 8th Floor
Portland, Oregon 97205
Telephone:    (503) 323-9000
Facsimile:    (503) 323-9019
Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAIMLER TRUCKS NORTH AMERICA LLC, a Delaware limited liability company, fka FREIGHTLINER LLC, a Delaware limited liability company, <br><br> Plaintiff, <br> v. <br><br> RAMIN YOUNESSI, an Illinois resident, <br><br> Defendant. | Case No.: CV-08-0031-HA <br><br> **REPLY IN SUPPORT OF PLAINTIFF'S 12(b)(6) MOTION TO DISMISS COUNT V OF YOUNESSI'S AMENDED COUNTERCLAIM** <br><br> (ORAL ARGUMENT REQUESTED) |

### PRELIMINARY STATEMENT

On April 10, 2008, Daimler Trucks North America LLC, fka Freightliner LLC

("Daimler Trucks"), filed a Motion to dismiss Ramin Younessi's ("Younessi's")

counterclaim for "Violation of Privacy" because he has not and cannot allege an

intrusion into a private matter - an essential element.  On April 24, 2008, Younessi filed

a response, primarily arguing that such an allegation is unnecessary because "it is

Page 1 - **REPLY IN SUPPORT OF PLAINTIFF'S 12(b)(6) MOTION TO DISMISS COUNT V OF YOUNESSI'S AMENDED COUNTERCLAIM**

559548
EXHIBIT B
PAGE 9 OF 12

possible" that after discovery Younessi may be able to find facts that would allow him to plead the essential element of this claim.

## MEMORANDUM

Younessi's response misconstrues *Schiller v. Mitchell*, 357 Ill App 3d 435 (2005). Of course *Schiller*, an Illinois state case, does not control the pleading standards in this federal suit. However, *Schiller* does establish that a critical element of Younessi's counterclaim - in fact "the core of this tort" - is the prying or intrusion into a **private** matter.[1] *Id.* at 439-40, quoting *Lovgren v. Citizens First National Bank of Princeton*, 126 Ill 2d 411, 416 (1989) (emphasis added). And, *Schiller* establishes that surveillance of those things that can be seen by a "passerby on the street, or a roofer, or a tree trimmer" is not an intrusion into a private matter. *Id.* at 441. Younessi has not alleged surveillance of anything that could not be seen from a public location. Younessi's Counterclaim, ¶¶ 18, 28-32, 54-57. Therefore, Younessi has omitted the "core of the tort" from his pleading.

For that reason, Younessi's counterclaim fails Under Fed. R. Civ. P. Rule 8. As recently stated by the United States Supreme Court, "[w]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should be * * * exposed at the point of minimum expenditure of time and

---

[1] Younessi also argues, in a footnote, that Illinois law does not govern this tort counterclaim, on the grounds that there may be no material difference between Oregon substantive law and the law of Illinois. If there is not a substantive difference in the laws of the two states, then *Schiller* accurately represents both Oregon and Illinois law. If there is a substantive difference in the laws of the two states, then Illinois law would control under Oregon's "most significant relationship" test, because: (1) the alleged injury occurred in Illinois, (2) the conduct allegedly causing the injury occurred in Illinois (3) Daimler Trucks is a Delaware LLC with a principal place of business in Michigan, while Younessi is a resident of Illinois, and (4) aside from this lawsuit, the parties have no current relationship. See *Portland Trailer & Equipment, Inc. v. A-1 Freeman Moving & Storage, Inc.*, 49 P3d 803, 810, 182 Or App 347 (2002) (listing the contacts to be taken into account in choice of law analysis for tort). Moreover, Younessi's response to Daimler Trucks' motion to dismiss cites only one Oregon case, and acknowledges that it is not on point.

Page 2 - **REPLY IN SUPPORT OF PLAINTIFF'S 12(b)(6) MOTION TO DISMISS COUNT V OF YOUNESSI'S AMENDED COUNTERCLAIM**

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

559548
EXHIBIT *B*
PAGE _10_ OF _12_

money by the parties and the court.'" *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1967 (2007) quoting 5 Wright & Miller, § 1216, at 233-234, quoting *Daves v. Hawaiian Dredging Co.*, 114 F Sup 643, 645 (D. Hawaii 1953) (ellipses in original). *Twombly* specifically rejects Younessi's argument that a claim should survive because the pleadings leave "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 1968 (internal quotations omitted). And, under well established Ninth Circuit precedent, "a [counterclaim] may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory." *Johnson v. Executive Protection Agency K-9 & Investigative Services, Inc.*, WL 1755853 (SD Cal) citing *Navarro v. Block*, 250 F3d 729, 732 (9th Cir 2001). The latter applies here.

In sum, Younessi's argument that his claim should proceed because discovery could possibly reveal a fact that would permit him to plead the "core of the tort" is contrary to established law.

## CONCLUSION

For all of the reasons stated, this Court should dismiss Count V of Younessi's Amended Counterclaim with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

DATED: May 8, 2008.

COSGRAVE VERGEER KESTER LLP

/s/ Susan K. Eggum

Susan K. Eggum, OSB No. 824576
Paul A. C. Berg, OSB No. 062738
Telephone: 503-323-9000
Fax: 503-323-9019
E-mail: eggum@cvk-law.com
      pberg@cvk-law.com
Of Attorneys for Plaintiff
Trial Attorney: Susan K. Eggum, OSB No. 824576

Page 3 - **REPLY IN SUPPORT OF PLAINTIFF'S 12(b)(6) MOTION TO DISMISS COUNT V OF YOUNESSI'S AMENDED COUNTERCLAIM**

559548

EXHIBIT *B*

PAGE *11* OF *12*

CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing REPLY IN SUPPORT OF PLAINTIFF'S 12(b)(6) MOTION TO DISMISS COUNT V OF YOUNESSI'S AMENDED COUNTERCLAIM on the date indicated below by

☐    mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐    hand delivery,

☐    facsimile transmission,

☐    overnight delivery,

☒    electronic filing notification;

I further certify that said copy was placed in a sealed envelope delivered as

indicated above and addressed to said attorney(s) at

the address(es) listed below:

Robin Hulshizer
Mark Mester
Alan Devlin
Cameron Krieger
Latham & Watkins LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Of Attorneys for Defendant Ramin Younessi

Bruce C. Hamlin
Lane Powell PC
601 SW 2nd Ave., Suite 2100
Portland, OR 97204
Of Attorneys for Defendant Younessi

DATED: May 8, 2008

/s/ Susan K. Eggum
_____
Susan K. Eggum

Page 1 CERTIFICATE OF SERVICE

EXHIBIT *B*
PAGE 12 OF 12          559548