## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2893 | **DATE** | 9/5/2008 |
| **CASE TITLE** | Daimler Trucks vs. Younessi | | |

**DOCKET ENTRY TEXT**

Ruling on plaintiff's motion to quash or for a protective order [#1] is stayed pending rulings by the United States District Court for the District of Oregon on two motions pending in the underlying litigation between the parties in that court:  Younessi's motion to compel and Daimler's motion to dismiss Younessi's counterclaim.  Immediately upon entry of the Oregon court's rulings, Younessi shall file them with this court.  Thereafter, this court will vacate the stay and issue a ruling not inconsistent with the ruling of the Oregon court.

■[ For further details see text below.]                                    Notices mailed by Judicial staff.

---

## STATEMENT

Before the court is a motion by plaintiff Daimler Trucks North America LLC ("Daimler") pursuant to Fed. R. Civ. P. 45© to quash subpoenas issued by this court and served by defendant Ramin Younessi on non-parties John D. Rea, Alberto Gerena, and Luigi Castillo, or in the alternative for a protective order relieving compliance with the subpoenas until the United States District Court for the District of Oregon rules on two motions pending in the underlying case between the parties.  For the following reasons, ruling on this motion will be stayed pending the Oregon court's rulings.

Younessi is a former employee of Daimler who left the company on March 12, 2007 and went to work for one of its competitors.[1]  On January 7, 2008, Daimler filed a lawsuit in the United States District Court for the District of Oregon ("the Oregon court") against Younessi, alleging various employment-related torts, such as breach of the duty of loyalty.[2]  Daimler hired private investigators to conduct surveillance on the Younessi family and their home on at least January 7, 8, and 9, 2008.  On January 14, 2008, Younessi filed an emergency motion for a protective order prohibiting the surveillance in the Oregon court, which the court granted.

Younessi filed a counterclaim against Daimler for invasion of privacy.  He also served document production requests on Daimler seeking, *inter alia*,

**Document Request 5:** Any and all documents and communications relating to the hiring by Daimler, its counsel or other agent, of private investigators to watch and follow Younessi, his wife or others related thereto[; and]

**Document Request 6:** Any and all documents related to the investigation and conclusions of the private investigators hired by Daimler, its counsel or other agent to investigate, watch and follow Younessi, his wife or others related thereto.

**STATEMENT**

Ex. B to Motion.

Daimler objected to these requests and refused to produce the requested documents, so Younessi filed a motion to compel. Daimler, in response, argued that the documents were irrelevant and were protected by the attorney work-product privilege. Daimler also filed a motion to dismiss Younessi's invasion of privacy counterclaim. The parties represent to this court that both of those motions are fully briefed and awaiting ruling by the Oregon court.

The subpoenas that are the subject of this motion were served on the private investigators hired by Daimler. They seek, *inter alia*,

A. Any documents related to surveillance conducted of or other actions taken by you regarding Ramin Younessi . . . .

. . .

D. Any and all reports regarding your surveillance or other activities regarding Ramin and/or Karla Younessi . . . .

. . .

G. Any and all communications between you and Plaintiff Daimler Trucks North America LLC f/k/a Freightliner LLC ("Daimler") from December 2007 until the present[; and]
H. Any and all documents related to the hiring of you by Daimler.

Ex. A to Motion.

Daimler argues that the subpoenas seek evidence that is protected by the work product privilege and irrelevant to the claims and defenses in the underlying action, and that Younessi is attempting to use them to circumvent the authority of the Oregon court over the motions that are currently pending there. Daimler also argues that Younessi failed to serve notice of the subpoenas on Daimler before serving them on the private investigators. In response, Younessi argues that Daimler has not shown that the information sought is protected by any privilege,[3] the subpoenas seek information that is relevant and crucial to Younessi's claims and defenses, and this court has sole jurisdiction over the subpoenas. It also argues that the untimely service of the subpoenas did not prejudice Daimler, and Daimler itself failed to comply with the rules with respect to its motion for a protective order.

The posture of this case is very similar to that in *Solaia Tech. LLC* v. *Rockwell Automation, Inc.*, 2003 WL 22597611, at *1 (N.D. Ill. Nov. 10, 2003) (Lefkow, J.), where this court was presented with another motion to quash a subpoena. Because the party moving to quash the subpoena was likely to make a motion in the underlying case, pending in the Eastern District of Wisconsin, that would have had a significant effect on this court's analysis, this court stayed ruling on the motion to quash pending the Wisconsin court's ruling. *Id.* at *3; *see also Kearney* v. *Jandernoa*, 172 F.R.D. 381, 383 (N.D. Ill. 1997) (finding support for its decision to stay ruling on a motion to quash pending ruling by the court presiding over the underlying litigation in *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 79 F.3d 46, 48 (7th Cir. 1996)). In this case, the substantive issues involved in Daimler's motion to quash are already fully briefed in the Oregon court in the parties' briefing on Younessi's motion to compel. Additionally, this court's analysis of the relevance of the subpoenaed evidence will be significantly affected by the resolution of Daimler's motion to dismiss Younessi's counterclaim. Therefore, the most efficient and prudent course for this court to take is likewise to reserve ruling on Daimler's motion to quash pending ruling by the Oregon court on the motions to compel and to dismiss. When that court rules, this court will vacate the stay and issue a ruling not inconsistent with the rulings of the Oregon court. The subpoena respondents are not required to comply with the subpoenas in

| STATEMENT |
| --- |
| the meantime. |

1. These facts are taken from both parties' briefs and appear to be undisputed for the purposes of this motion.

2. That case is captioned *Freightliner LLC* v. *Younessi*, No. CV-08-31-HA.

3. This argument is well-taken, as Daimler's motion does not sufficiently identify or describe any of the potentially responsive but privileged documents to show applicability of the work product doctrine.  *See Grochocinski* v. *Mayer Brown Rowe & Maw LLP*, — F.R.D. —, 2008 WL 2397673, at *3 (N.D. Ill. June 9, 2008) (defining work product and discussing the circumstances under which it may be discoverable).